## HELEN B. HUFF, Respondent, v. CITY OF MARSHALL, Appellant.

### Kansas City Court of Appeals, January 5, 1903.

1. **Negligence: DEFECTIVE SIDEWALK: NOTICE: CONTRIBUTORY NEGLIGENCE.**  On the evidence in this cause plaintiff made a prima facie case by showing the defective condition of the sidewalk for such length of time that notice thereof could be inferred by the jury, and the defect was not so glaring that a prudent person would not have undertaken to use the walk.

2. ———: ———: **INSTRUCTIONS: CONTRIBUTORY NEGLIGENCE.**  Instructions submitting the questions of negligence and contributory negligence are reviewed and *held,* when taken together, to have sufficiently presented the issues to the jury.

3. ———: ———: ———: ———.  Instructions covering points covered by other instructions need not be given though in themselves proper enough.

4. ———: ———: **SCOPE OF EVIDENCE.**  In showing the condition of a sidewalk, in order to bring notice to the municipality, the evidence need not be confined to the immediate place of the accident, but may properly take in the condition of the walk along the premises in front of which the injury occurred.

5. **Damages**: EXCESSIVE VERDICT. A verdict for three thousand dollars, under the evidence in the record, is *held*, not excessive so as to justify the interference of the appellate court, especially since it receives the sanction of the trial judge.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*R. P. Spencer, J. F. Barbee* and *Harvey & Gower* for appellant.

(1) A city is not an insurer of pedestrians upon its streets and sidewalks against accidents, nor is every defect or imperfection in its streets or sidewalks actionable. Dillon on Mun. Corp., sec. 1019; Elliott on Roads and Streets, p. 448; Brown v. Glasgow, 57 Mo. 156; Craig v. Sedalia, 63 Mo. 417; Carvin v. St. Louis, 151 Mo. 334. (2) Furthermore, there is no proof of actual notice on the part of the defendant city that there was a defect in the sidewalk where plaintiff fell. A defect, to put the city on notice, must be open and obvious; proof of hidden or latent defects, which would not attract or arrest ordinary attention, is not sufficient. Baustian v. Young, 152 Mo. 317; Carvin v. St. Louis, 151 Mo. 334; Franke v. St. Louis, 110 Mo. 539. (3) Plaintiff was guilty of contributory negligence and ought not to be permitted to recover. One who attempts to cross over a sidewalk as a part of a road known to him to be dangerous, when the dangerous place could easily have been avoided by passing around it, is wanting in due care, and the court may so declare as a matter of law. Cohn v. City of Kansas, 108 Mo. 387; Boyd v. Springfield, 62 Mo. App. 456; Dillon on Mun. Corp., sec. 789; Gerdes v. Iron & Foundry Co., 124 Mo. 347. (4) It was error to permit evidence to show the condition of the sidewalk for fifty feet in front of Mrs. Annie Duggins' residence, or between her front gate and the southeast corner of her yard or lot. The evi-

dence should have been confined to the place of, or the immediate vicinity of, the accident, and to its condition at that time and to no other place. Bowles v. Kansas City, 51 Mo. App. 416; Hipsley v. Railroad, 88 Mo. 348. (5) The court also committed error in permitting witness Sparks to testify as to the condition of the sidewalk some three years prior to the time of the accident. Such evidence was clearly inadmissible and should have been excluded. Gerdes v. Iron & Foundry Co., 124 Mo. 347. (6) It was clearly error for the court to give instructions Nos. 1 and 2, on behalf of the plaintiff, and the giving thereof was fatal error. Shoe Co. v. Lisman, 85 Mo. App. 340; Linn v. Bridge Co., 78 Mo. App. 111; Carder v. Primm, 60 Mo. App. 423; Voegeli v. Marble & Granite Co., 49 Mo. App. 643; Goetz v. Railroad, 50 Mo. 472; Schroeder v. Michel, 98 Mo. 43. (7) The court should have given instruction No. 2 asked by defendant. The defendant was entitled to instructions covering every defense. Cahn v. Reid, 18 Mo. App. 115; Cameron v. Hart, 57 Mo. App. 142; Laughlin v. Gerardi, 67 Mo. App. 372. (8) The damages awarded by the jury to plaintiff were excessive and clearly showed that the verdict was the result of prejudice and passion. Haynes v. Trenton, 108 Mo. 123; Hurt v. Railway, 94 Mo. 255; Franklin v. Fischer, 51 Mo. App. 345; Nicholds v. Crystal Plate Glass Co., 126 Mo. 55; Adams v. Railway, 100 Mo. 555; Fairgrieve v. Moberly, 39 Mo. App. 31.

*A. F. Rector* and *Duggins & Rainey* for respondent.

(1) There is no merit in defendant's first objection. (2) Proof of actual notice of a defective sidewalk to the officers and agents of a city is not necessary, in order to a recovery for injuries received thereon. If the sidewalk was defective and out of repair and had been for a period of time sufficient for the city, its officers, and agents, to have known of it, had they exercised reasonable diligence, is all the notice the law requires. Under this evidence it is clear that the city had

actual notice of the unsafe condition of the walk.    (3)
The question of contributory negligence was properly
submitted to the jury and the verdict is final.    A per-
son is not bound to abandon the sidewalk because it is
out of repair.    Flynn v. Neosho, 114 Mo. 569; Chilton
v. St. Joseph, 143 Mo. 202; Squires v. Chillicothe, 89
Mo. 226. . (4) The court did not err in confining the
testimony to the walk between the gate and the corner of
the lot.    The evidence shows this distance to be only
fifty or sixty feet and in front of same lot.    The plain-
tiff did not know the exact spot on which she was in-
jured.    She said it was between the front gate and the
corner.    Mr. Freeman, the only other witness to the fall,
said it was between the gate and the corner.    The au-
thorities cited by defendant are not in point.    Baustian
v. Young, 152 Mo. l. c. 325.    (5) No error was commit-
ted by the court in giving instructions.    Burdoin v.
Trenton, 116 Mo. l. c. 371; Flynn v. Neosho, 114 Mo.
572; Taylor v. Springfield, 61 Mo. App. 266; Perrette
v. Kansas City, 162 Mo. 249; Chilton v. St. Joseph, 143
Mo. 202; Schaaf v. Fries, 77 Mo. App. 346.    (6) The
damages assessed the plaintiff are not excessive.

ELLISON, J.—This is an action for damages re-
sulting from personal injuries suffered by plaintiff in
falling on one of the sidewalks in the streets of defend-
ant.    The judgment in the trial court was for the plain-
tiff.

Since the verdict was for the plaintiff we will state
what the evidence in her behalf tended to prove.    It ap-
pears therefrom that the board sidewalk at and along
the place where she fell was in an unsafe condition by
reason of the boards being nailed to stringers which had
become old and rotten.    That the walk had been in that
condition for such length of time that the officers of the
defendant city knew it, or might have known it if they
had been diligent in that regard.    Plaintiff also knew
the walk was out of repair, but she did not know that it
was in such state that it might not be used.    On the day,

Vol 97 app—35.

of the accident plaintiff was passing along the walk immediately behind some ladies who were going in the same direction when they met a gentleman walking in the opposite direction. In his attempting to pass these ladies he stepped on the end of one or two of the boards, which caused them to suddenly rise up. so immediately in front of plaintiff as to cause her to fall over them and hurt herself seriously. At the time she was not looking down at the walk, but was carrying herself so that her vision was about as it is with ordinary pedestrians.

There can be no serious objection to the statement that the state of facts just indicated made a prima facie case for the plaintiff. The mere fact that she knew the condition of the walk, was not a bar to her recovery; it is only a matter to be considered by the jury in passing on her negligence. Flynn v. Neosho, 114 Mo. 569; Chilton v. St. Joseph, 143 Mo. 202; Squires v. Chillicothe, 89 Mo. 226. The evidence does not put this case in that class where a person voluntarily walks into a place so obviously and glaringly dangerous as that no prudent person would have undertaken it. The testimony of witness Sparks showing that the walk had been out of repair beginning back as long as three years, was asked to be stricken out, but no ruling was made thereon. His subsequent statement of specific repairs was ruled out. But there was other evidence hereinafter mentioned which showed the bad condition for a length of time sufficient to establish negligence of the city.

Counsel for the city, however, takes serious exception to the instructions given at plaintiff's request. We have examined them and do not believe they are subject to any just or substantial criticism. It is claimed that plaintiff's instructions one and two omit the hypothesis of plaintiff's own negligence, and yet direct a verdict for her based alone on defendant's negligence and her injury. Instruction one especially requires the jury to find that plaintiff was "without fault or negligence," and although instruction two does omit the hypothesis of plaintiff's case, yet as it was pointedly included in num-

Huff v. City of Marshall.

ber one, and as numbers three and four were devoted especially to the subject of plaintiff's negligence and want of care, and as all her other instructions included that proposition, the jury certainly must have understood that it was necessary for them to find that she was not at fault before giving her a verdict. Not only was the hypothesis thus made prominent and specific in plaintiff's instructions, but in defendant's series the jury are again cautioned in that regard.

Some of the instructions offered by defendant and refused might have been proper enough had the points presented in them not been covered by those which were given. But certain it is, that taking the instructions given, as a whole, the issues as presented by either side were fully and plainly presented, and the jury could not have misunderstood them. This is all that is required.

There was ample evidence tending to prove the bad condition of the walk. And there was evidence from which knowledge of its condition by the city could be reasonably and legitimately inferred. The proof showed its bad condition for a long space of time. One witness put it at "six months or more," while others showed it to have been in need of repair for a yet longer period. Objection was made to the scope of this evidence and that it was not confined to the specific place where plaintiff fell. We think the court kept the witnesses within proper bounds in this respect. The object was to show notice on the part of the city and it is unreasonable to suppose that the inquiry should be limited to the very board which caused the accident. The evidence was confined to conditions in front of the premises where plaintiff fell and within a short space along on that part of the walk.

The verdict was for $3,000 and it is insisted that it is excessive. We do not think so. If credit is to be given to the evidence in plaintiff's behalf her injuries were of such painful and serious character as to fully justify that amount and we feel that we are not justi-

fied in interfering, especially since the verdict has received the sanction of the trial judge.

The case seems to have been earnestly contested and we have gone over the entire record with a view to ascertaining if anything occurred at the trial which would justify us in overturning the verdict of the jury and the action of the court thereon. We have found nothing which we deem of sufficient substance to authorize our interference, and, hence, affirm the judgment. All concur.