ELIZABETH DELAPLAIN, Appellant, v. KANSAS CITY et al., Respondents.

### Kansas City Court of Appeals, November 7, 1904.

1. **MUNICIPAL CORPORATIONS: Safe Streets: Improvements: Abstract Instructions.** An instruction that a municipality should keep its streets in a condition of reasonable safety for legitimate travel is condemned as being a mere abstraction where the case is founded on unsafe condition arising from a street improvement and the failure to sufficiently protect such improvement.

2. **APPELLATE AND TRIAL PRACTICE: New Trial: Discretion.** The function of granting a new trial belongs naturally and peculiarly, though not exclusively, to the trial court, and only in cases free from doubt will the appellate court reverse such discretion.

3. **MUNICIPAL CORPORATIONS: Defective Streets: Contractor's Liability.** Where the city and its contractor are jointly sued for failure to guard an excavation in the street whereby plaintiff is injured, it is not error to refuse an instruction that the jury may find separately for the contractor.

4. **PERSONAL INJURY: Former Disease: Aggravation: Pleading.** If an injury results in producing a diseased condition or aggravates one already in existence the result is the same in the eye of the law, since the aggravation is the result of the injury, and a petition alleging an injury is supported by the evidence tending to show only an aggravation of an existing disease.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*C. E. Burnham* for appellant.

(1) The first instruction given by the court for the plaintiff was a correct measure of the city's duty. And when read with the second instruction for plaintiff, and the fourth and fifth given for defendants the "condition of reasonably safety" was limited to mean the placing of lights or barriers by either of them, even though removed before the accident. (2) That "the city is bound to keep its streets free from obstructions and reasonably safe for travel thereon, and is liable for an injury by a neglect of this duty, nor can this duty be evaded, suspended or cast upon others," is a proposition too well founded to be shaken after the appellate courts have spoken in the following cases: Jerowitz v. Kansas City, 77 S. W. 1088; Burdoin v. Trenton, 116 Mo. 358; Smith v. Brunswick, 61 Mo. App. 580; Wallis v. Westport, 82 Mo. App. 526; Russell v. Columbia, 74 Mo. 490; Morton v. St. Louis, 97 Mo. 541; Kiley v. Kansas City, 87 Mo. 103; Bassett v. St. Joseph, 53 Mo. 298; Bonine v. City, 75 Mo. 438; Loewer v. City, 77 Mo. 437; Stephens v. City, 83 Mo. 345; Carrington v. City, 89 Mo. 208; Hanover v. City, 103 Mo. 181; Barr v. City, 105 Mo. 555; Sindlinger v. Kansas City, 126 Mo. 324; Franke v. St. Louis, 110 Mo. 521; Stern v. St. Louis, 161 Mo. 150; Taubman v. Lexington, 25 Mo. App. 226; Smith v. St. Joseph & Pat. Morley, 42 Mo. App. 397; Ray v. Poplar Bluff, 70 Mo. App. 256; Welsh v. City, 73 Mo. 73; Blake v. St. Louis, 40 Mo. 570; Bowie v. Kansas City, 51 Mo. 461; Reidy v. Brewing Assn. & City, 161 Mo. 536; Kassman v. St. Louis, 153 Mo. 299; Warren v. Independence, 153 Mo. 598; Carrin v. St. Louis, 151 Mo. 345; Ball v. Independence, 41 Mo. App. 475. (3) Complaint is next made of the fourth instruction for plaintiff. This instruction was proper and the court committed no error in giving it. Brown v. Railroad, 66 Mo. 588; Owens v. Railroad, 95 Mo. 182; Littlehale v. Dicks, 11 Cush.

364; State v. Morthy, 33 Ia. 270; Allison v. Railroad, 42 Ia. 274; Elliott v. Kansas City, 74 S. W. 620. The petition charged a bruise and injury to the left side and spleen. Now it is no matter of difference whether it was a healthy spleen or a diseased spleen. (4) The court committed no error in refusing to give the instruction as to form of verdict in case jury found for one defendant and against the other. The case was tried entirely on the theory that both defendants were liable to plaintiff or that neither was liable.

*Lathrop, Morrow, Fox & Moore, Cyrus Crane* and *J. P. Gilmore* for respondent Michael Walsh; *R. J. Ingraham* for respondent Kansas City.

(1) The law presumes that the action of the trial court in granting a new trial herein was correct, that any error occurring in the trial was prejudicial to the defendant, and will sustain the action of the trial court, if it can be so done, upon any ground alleged in the motion for new trial. Kuenzel v. Stevens, 155 Mo. 280; Hoepper v. Hotel Co., 142 Mo. 378; Ittner v. Hughes, 133 Mo. 680; Bunyan v. Railway, 127 Mo. 13; Taliafferro v. Evans, 160 Mo. 380; McCullough v. Ins. Co., 113 Mo. 607; Bank v. Armstrong, 92 Mo. 265; Longdon v. Kelly, 51 Mo. App. 572; Ensor v. Smith, 57 Mo. 584; Gray v. Railroad, 54 Mo. App. 666; Saville v. Huffstetter, 63 Mo. App. 273; Johnson v. Boonville, 85 Mo. App. 199. (2) The court erred in giving instruction number 1 as requested by the plaintiff, and its action in granting a new trial, therefore, was proper. Elliott v. Kansas City, 174 Mo. 554; Carvin v. St. Louis, 151 Mo. 345; Smith v. City, 61 Mo. App. 378; Hunt v. New York, 109 N. Y. 134; Lane v. Hancock, 142 N. Y. 510; Nesbit v. City, 69 Miss. 22; Michigan City v. Boeckling, 122 Ind. 39; State v. Hudspeth, 150 Mo. 31; Hurt v. Railroad, 94 Mo. 255; Oglesby v. Railroad, 150 Mo. 163; Fisher v. Railroad, 156 Mo. 479; Cook v. Railroad, 94 Mo. App.

417; Moore v. Richmond, 85 Va. 538; Pavey v. Railroad, 85 Mo. App. 218; City v. Baily (Ky.), 74 S. W. 688; City v. Asmas (Ky.), 68 S. W. 646; Ball v. City, 41 Mo. App. 475; Ray v. City, 70 Mo. App. 253; Meyer v. City, 109 Mo. 480; Sinberg v. Falk Co., 98 Mo. App. 546; Stanley v. Railroad, 114 Mo. 606; Schweickhardt v. City, 2 Mo. App. 571.  (3)  The court erred in giving instruction number 4 for plaintiff, and its action in awarding a new trial, was therefore proper. Blashfield on Instructions to Juries, section 84; Watson on Damages, section 206; 16 Ency. Pl. and Pr., 427; Wilkinson v. Steele & Spring Works, 73 Mich. 405, 41 N. W. 490; Fuller v. Mayor, 92 Mich. 197, 52 N. W. 1075; Thurston v. Luce, 61 Mich. 48, 28 N. W. 103; Heirn v. McCaughan, 32 Miss. 17; Hall v. City, 114 Mich. 99, 72 N. W. 33; Christian v. Ins. Co., 143 Mo. App. 469; Kirby v. Railroad, 85 Mo. App. 345; Banks v. Westlake, 21 Mo. App. 565; Wright v. Fonda, 44 Mo. App. 642. (4)  The court erred in refusing to give defendant's instruction four.  See authorities under point 2; Badgley v. St. Louis, 149 Mo. 122; Wiggins v. City, 135 Mo. 558; Berkson v. Railroad, 144 Mo. 211.  (5)  Plaintiff's instructions as a series did not properly present the issues to the jury, and upon the entire record the court was right in granting a new trial.  (6)  Error having been shown in the record, this court will presume that it was prejudicial, and will not interfere with the discretion of the trial court in granting a new trial herein.  Hoepper v. Stevens, 142 Mo. 378; Bunyon v. Railroad, 127 Mo. 13; Longdon v. Kelly, 51 Mo. App. 572; Ensor v. Smith, 57 Mo. App. 584; McVey v. Barker, 92 Mo. App. 498; Camp v. Railroad, 94 Mo. App. 272; Bindbeutal v. Railroad, 43 Mo. App. 463.

BROADDUS, J.—This is a suit for damages as the result of injuries plaintiff sustained by reason of the alleged negligence of the defendants.  It appears from the record that defendant Walsh had contracted

with the city to construct a sewer on Woodland avenue and other of its streets; that at the intersection of said named street with Howard avenue he had made an excavation 11 feet long and 4 feet wide extending over the lines of the sidewalk about 4 or 5 feet; and that the sewer pipe had been placed but the hole was not entirely filled up nor the pavement restored. While plaintiff was passing along at night, she stepped into the hole, fell and was injured. There was a conflict of evidence as to whether the place was properly guarded against danger.

The petition alleged that plaintiff's leg was broken and that she was injured in her spleen. And the evidence tended to show that her leg was broken, that there was ankylosis of the ankle, and that her spleen was injured. It was developed on cross-examination that there had been a prior injury or disease of plaintiff's spleen, and that this injury was aggravated by the fall.

The verdict was for the plaintiff which the court set aside because of the error in giving and refusing instructions. The plaintiff appealed from the action of the court setting aside the verdict and granting a new trial. The following memoranda on file indicated the reason on which the court acted in so granting a new trial:

"The first instruction states the law too broadly for the facts of the case. A city may close a street to make improvements in it or it may partially close it, and if it does this, it is then its duty to place lights and barriers to warn passersby of the danger. This instruction was undoubtedly suggested by a clause in the petition which was unnecessary and should not have been there. I refer to the allegation that the city knew, or by ordinary care could have known, of the hole in the street. If the city made a contract with its codefendant to build a sewer, then authorized the street to be dug up, etc., no notice was necessary. The

first instruction having been given, then an instruction permitting a finding against either defendant should have been given. Defendant Walsh asked such an instruction and it was refused.''

Said first instruction is as follows: ''The jury is instructed that it was the duty of the defendant city to keep Woodland avenue and Howard street, at the place where said streets cross each other, in a condition of reasonable safety for legitimate travel thereon by night as well as by day.''

Said instruction is admitted by the defendants to be correct as an abstract proposition of law but they deny that it had any application to the facts. While it is true, as a general rule, that it became the duty of defendant city to keep its streets in a reasonably safe condition for travelers passing over them in the exercise of due care, the evidence showed that the street in question was not in a safe condition, for it was torn up for the purpose of constructing a sewer—a necessary improvement which the city was authorized to make. The case is not founded upon the theory that it was the duty of the city in this particular instance to keep its street in a reasonably safe condition, but upon the theory that it was in an unsafe condition, and defendants did not use proper care in providing means by which travelers might be protected from injury while passing over it. This case is a fair illustration of the inadvisability of instructing juries on mere abstract questions of law. And while such a practice in many instances may not have the effect to mislead a jury, it may do so. And as the court saw fit to grant a new trial for the error, we do not feel at liberty to interfere with its discretion in so doing. ''The function of granting new trials belongs naturally and peculiarly, though not exclusively, to trial courts, and only in cases free from doubt will the appellate court reverse such discretion in the plain and apparent interest of justice.'' Longdon v. Kelly, 51 Mo. App. 572.

But we cannot agree with the trial court that there was error in refusing to give defendant Walsh's instruction that the jury might find separately as to him. The city could not have been liable under the proof unless the defendant Walsh had been guilty of negligence on his part. The city's negligence, if any, must have been in failing to perform a duty that its co-defendant failed to perform. Had not defendant Walsh dug and left an unguarded hole in the street, no duty devolved on the city. If Walsh had placed barriers and lights at the place, then the finding should have been not only for him but also for his codefendant. And under the facts there could have been no separate liability for if either had complied with the law and placed the barriers and lights, the verdict should have been for both.

It is further contended that instruction number four given for plaintiff was also error. This instruction was as follows: IV. "The jury are instructed that even though you may believe from the evidence that plaintiff may have had a diseased or affected spleen, yet if you find that the plaintiff was injured, if she was injured by the fault of the defendants, as defined in other instructions given you, and that said injury, if any, directly caused an enlargement of said spleen or developed pains in the spleen, then defendants are responsible for all the ill effects, if any, which naturally and necessarily followed the injuries, if any, in the condition of health in which plaintiff was in at the time, and it is no defense that the injuries may have been aggravated and rendered more difficult to cure, by reason of plaintiff's state of health, or that by reason of the diseased condition of the spleen, the injuries were rendered more serious to her than they would have been to a person in robust health." The argument is, that whereas the petition alleged that the injury to plaintiff's spleen was caused

by the fall she received, the evidence showed that it was previously diseased, therefore, the evidence did not support the allegations of the petition and plaintiff was not entitled to recover on that allegation. In support of this theory we are cited to Watson on Damages, section 206, which reads:

"It has been held that there can be no recovery on account of the aggravation of existing physical ailments in the absence of allegations thereof in the declaration. On the other hand, it has been decided that the plaintiff may show his delicate state of health at the time of the injury complained of, and the fact that the consequences were more serious than they would have been in a robust man, without special allegation of said facts in his petition. But there can be no recovery for the aggravation of an existing disease where the declaration is framed upon the theory that the particular disease was produced by the injuries and not merely thereby."

The distinction is clearly made between that where an injury produces a condition and where it aggravates one already existing. But it seems to us that it is not a substantial difference. If an injury results either in producing a diseased condition or aggravates one already in existence, the result in the eye of the law is the same, for the reason that the aggravation is the result of the injury. Therefore, if the diseased condition of plaintiff was aggravated by the fall she received, it necessarily follows that she was injured. Plaintiff alleged that she was injured in her spleen and the evidence tending to show that it was only an aggravation of an existing disease, tended to prove also that it was an injury notwithstanding. The authority cited, with others not noted, is a fair illustration of the tendency to draw a distinction the effect of which is to evade substantial justice by mere technicalities.

We can find no error in either the giving or re-

fusing of instructions, save the giving of instruction number one for plaintiff and for which a new trial was granted. For the reasons set out the cause is affirmed. All concur.