Vance v. Kansas City.

GEORGE T. VANCE, by next friend, Respondent, v.
KANSAS CITY, Appellant.

Kansas City Court of Appeals, March 4, 1907.

MUNICIPAL CORPORATIONS: Obstructed Street: Notice: Contin-
ued Obstruction. The placing of stone in a street for only
two to four hours before an injury is not sufficient to establish
constructive notice to the municipality; but where for some
time building stone has been unloaded in the street and two
or more hours intervene between the removal of one lot of
stone from the street to the sidewalk and the delivery of an
other lot into the street whence the other lot had just been re-
moved, the continuity of the obstruction is not broken, and the
question of notice is for the jury.

Appeal from Jackson Circuit Court.—*Hon. James H.
Slover*, Judge.

. AFFIRMED.

*Edwin C. Meservey*, City Counselor, *Francis M.
Hayward*, Assistant City Counselor, for appellant.

The court erred in granting a new trial because of
giving instruction numbered 4 asked by defendant, Kan-
sas City. Fehlhauser v. St. Louis, 178 Mo. 635; Dwy-
er v. Boston, 180 Mass. 381; Briel v. Buffalo, 144 N. Y.
163; Warsaw v. Dunlap, 112 Ind. 576; McFeeters v. N.
Y., 102 App. D. 32; Drake v. Kansas City, 190 Mo. 370;
Hesselbach v. St. Louis, 179 Mo. 505.

*Scarritt, Scarritt & Jones* for respondent.

We contend that plaintiff did not have to bring
home to the city actual or constructive notice of the
particular rock or obstruction over which plaintiff fell,
but that the jury should have been permitted to find
that the city had such notice as to render it liable if

the general condition of the street there was dangerous by reason of rock and other obstructions piled therein for three to five days and nights prior to the injury. Our position is supported by many authorities in this and other States. Huff v. Marshall, 97 Mo. App. 542; Smallwood v. Tipton, 63 Mo. App. 234; Drake v. Kansas City, 190 Mo. 370; Franke v. St. Louis, 110 Mo. 523; McKissick v. St. Louis, 154 Mo. 588; McGaffigan v. Boston, 149 Mass. 289, 21 N. E. 371; Lichtenberger v. Meridan, 100 Ia. 223, 69 N. W. 424; Smith v. Leavenworth, 15 Kas. 81; Chapman v. Macon, 55 Ga. 566; 5 Thompson of Negligence, sec. 5971; Plattsmouth v. Mitchell, 20 Neb. 228, 29 N. W. 593; Munger v. Waterloo, 83 Iowa 559; Kellogg v. Janesville, 34 Minn. 132; Shearer v. Buckley, 31 Wash. 370; Osborne v. Detroit, 32 Fed. 36.

ELLISON, J.—The plaintiff brought this action for personal injury received by him in falling over a pile of rough building stone in one of defendant's streets. The verdict in the trial court was for the defendant. Plaintiff filed a motion for new trial and it was sustained, whereupon the city appealed.

The facts were in substance as follows. A building was being erected on a lot abutting on the street in question and a lot of large rough stone, to be used in the building, was hauled and piled in the street near the sidewalk. Plaintiff, a boy about ten years of age, was playing in the street with other boys, when, shortly after dark, he ran upon the stone and received the injury of which he complains. The rock had been hauled, perhaps in different loads, but they or a portion of them had been left in the street unguarded at night for three days. Late in the eevening of the day plaintiff was hurt these stones were piled on the sidewalk space, at the edge of the street proper and on the same evening, perhaps immediately, one or more other loads of stone of the same character, were unloaded in the street in the

place where the first lot had been and it was this latter lot upon which plaintiff fell. The trial court instructed the jury that the piling of the latter lot was too short a time before the accident to impart constructive notice to the city.

Undoubtedly, the court was right, as an abstract proposition, in holding that an obstruction in a street of only two to four hours (at a place where it would, in all probability, not be at once observed by proper officers) was not sufficient to establish constructive notice to the city. Abundant authority is cited by defendant to sustain that proposition. But, as applied to this case, we believe the instruction was wrong. The obstruction in the street here complained of was a continuous act from the time of the first load of stone. The stone was for the construction of the building and it was being put in the street and taken out of the street by the contractor in proceeding with the work of construction. In the circumstances here shown, the identity of the stone is of no moment, so long as an obstruction was continuously maintained. And we regard the mere space of one or two hours between the piling up of one lot on the edge of the sidewalk, and the delivery of another lot into the street, in the space occupied by those just removed, as not breaking the continuity of the obstruction. We regard the view we here announce as being supported by the Supreme Court in Drake v. Kansas City, 190 Mo. 370. The syllabus of the decision in that case reads as follows:

"Where, in an action for injuries to a pedestrian by falling into a defectively constructed coal hole, defendant claimed that the cover of the hole had been raised on the morning of the accident by the occupant of the adjoining property to let air into the cellar, and that this had caused the accident, but the evidence also disclosed that such occupant had done the same thing every day for six weeks or two months before the accident,

the city was chargeable with notice of such continuing act, and was, therefore, not entitled to an instruction that, if the raising of the cover caused the accident defendant was not liable."

The circuit court was right in concluding the instruction was wrong and its order granting a new trial is affirmed. All concur.