## JESSIE MUNCY, Respondent, v. THE CITY OF BEVIER, Appellant.

**Kansas City Court of Appeals, April 1, 1907.**

1. **MUNICIPAL CORPORATIONS: Defective Sidewalk: Testimony: Jury.** On a review of the evidence it is held it was sufficient to send the case to the jury.

2. ———: ———: **Notice: Instruction.** An instruction set out in the opinion relating to notice of defendant city as to the condition of its sidewalk is held supported by the evidence.

3. ———: ———: ———: **Conflicting Instructions.** An instruction is held faulty in entirely ignoring defendant's evidence as to the matter of guarding a sidewalk with a barrier, and such defect was not cured by other instructions which were inconsistent therewith and tended to breed confusion in the minds of the jury.

4. ———: ———: **Instruction: Assumption of Fact: Damages: Negligence.** Instructions are condemned as assuming loss of time by the plaintiff, and negligence of defendant.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

*C. F. Hale* and *T. E. Francis* for appellant.

(1) Instruction numbered 1, given on behalf of plaintiff, is erroneous because—(a) It authorized a finding for plaintiff if the jury believed that the city, or any of its officers or agents, knew of the defect, when there was no proof of such knowledge. Gerber v. Kansas City, 105 Mo. App. 191; Danker v. Mfg. Co., 102 Mo. App. 723; Heinzle v. Railroad, 182 Mo. 559. (b) It imposed upon defendant the absolute duty to keep the excavation guarded, when such failure was not negligence *per se,* but was a question for the jury under the evidence. Gerber v. Kansas City, 105 Mo. App. 195. (2) Instruction numbered 2, given on behalf of plaintiff, is erroneous because: (a) It imposed upon defendant the absolute duty to keep the excavation guarded, when such failure was not negligence *per se,* but was a question for the jury under the evidence. Gerber v. Kansas City, 105 Mo. App. 195. (b) It directed the jury to find for plaintiff, if they merely believed the excavation was not protected on the date of the accident, when, under the law, defendant was not liable unless said condition had existed for such a length of time as to charge it with constructive notice. Doherty v. Kansas City, 105 Mo. App. 173; Badgley v. St. Louis, 149 Mo. 122; Reidy v. Brewing Assn., 161 Mo. 539; Baustin v. Young, 152 Mo. 317. (3) Plaintiff's instruction numbered 3, on the measure of damages, is erroneous because it assumed that plaintiff had lost time from his work as a result of the accident. Plummer v. Milan, 70 Mo. App. 599; Evans v. Joplin, 76 Mo. App. 21; York v. Everton, 8 Mo. 288. (4) Plaintiff's instruction numbered 4 is erroneous because: (a) It assumed that defendant was guilty of negligence. (b) It eliminated the question of contributory negligence. Pattison's Instruction to Juries, sec. 1437; Hornstein v. Railway, 97 Mo. App. 271; Rice v. Railroad, 92 Mo. App. 35; Holwerson v. Rail-

road, 157 Mo. 241; Maxey v. Railway, 95 Mo. App. 309; Buddenburg v. Transp. Co., 108 Mo. 394.

*White & Lacy* for respondent.

(1)   Instruction numbered 1, given on behalf of plaintiff fairly presents the law.   Evidence that the excavation had existed through a long period of time tends to prove actual knowledge of same by defendant city. Huff v. Marshall, 97 Mo. App. 547.   (2)   While instruction numbered 2 is probably open to the criticism that it predicates the right of recovery upon a portion only of the facts constituting the cause of action, in that it omits the requirement for notice of the city, this omission is supplied by instruction numbered 1 given for plaintiff and no error results.   The instructions when taken together fairly present the law.   Baker v. Independence, 106 Mo. App. 507; Perrette v. Kansas City, 162 Mo. 238; Weston v. Mining Co., 105 Mo. App. 509, and cases there cited; Cassaday v. Kansas City, 119 Mo. App. 116.   (3) Appellant contends that plaintiff's instruction numbered 3, assumed that plaintiff had lost time from his work as a result of the accident.   The instruction is based on the evidence.   (4)   Instruction numbered 4, pertaining to intoxication of plaintiff at the time of the injury, is in acordance with the well settled law of this state.   Loewer v. Sedalia, 431.

BROADDUS, P. J.—This is a suit for damages for injuries sustained by reason of the alleged negligence of the defendant city.

The defendant is a city of the fourth class.   The evidence is somewhat conflicting and is as follows.   On the 26 day of December, 1904, in the night time, the plaintiff fell from the sidewalk on Elvira street, into an excavation of about four feet running parallel with the street and located between the same and adjoining property. The plaintiff and another person by the name of Burnett were standing on the sidewalk engaged in a conver-

sation when as another person was passing they stepped back to get out of his way and plaintiff fell off and into the excavation or ditch. This ditch had been in existence for a long time previous and the evidence was that plaintiff had only seen it once before, but was not aware of its proximity to the sidewalk. Three witnesses testified for plaintiff that they had been in the habit of passing over the place frequently, but did not notice that there was any barrier between the sidewalk and the ditch and each said that there had never been at any time. Burnett's evidence was to the effect that there was no such barrier at the time of plaintiff's injury.

On the other side, J. W. Rudkin testified that on the night in question he could not say that there was a barrier, but there had been one previously. He stated further that just a few days before the time mentioned or at the time there was such a barrier; that he occupied a building nearby since October previous and that the barrier was there nearly all the time until it fell; that he kept watch to see that one was maintained because he had two small children. There was some evidence going to show that plaintiff was intoxicated at the time and evidence to the contrary. The judgment was for the plaintiff and defendant appealed.

At the close of plaintiff's testimony and also at the close of all the testimony, the defendant offered a demurrer to plaintiff's case which the court refused. It is insisted that the action of the court was erroneous. We think there was sufficient evidence authorizing a submission of the case to the jury as shown by the evidence in the statement herein.

Specific objections are made to instructions numbered 1 and 2 given for the plaintiff which read as follows:

No. 1. "The court instructs the jury that if you believe from the evidence that the sidewalk on the north side of Elvira street at or near the point mentioned in

the petition was in an unsafe and dangerous condition by reason of the opening and open ditch or sewer in question and the condition in which it was maintained and that the defendant, the city of Bevier, or its officers and agents knew this fact, or by reasonable attention to their duties might have known it in time to have placed it in a safe condition, and that the plaintiff while passing along said sidewalk or stepping aside on said sidewalk to avoid other travelers and passers thereon and by reason of the unsafe and dangerous condition thereof occasioned by said excavation, opening, open ditch or sewer, and while exercising ordinary care and prudence on his part, fell into the excavation and was injured, then you will find a verdict against the defendant."

No 2. "The court instructs the jury that it is as much the duty of defendant to protect the public against an excavation dangerous to life extending from an adjacent lot to the margin of its street as if the excavation had been in the street. Therefore if you believe from the evidence the excavation complained of in this case was a dangerous one, that the same was not protected at the date of the accident complained of, and that plaintiff while passing along said street in the exercise of ordinary care and caution fell into such excavation and was injured, your verdict should be for plaintiff.

The specific objection to No. 1 is that "It authorizes a finding for plaintiff if the jury believe that the city or any one of its officers or agents knew of the defect when there was no proof of such knowledge." It is true that there was no positive evidence going to show such knowledge on the part of the city, but plaintiff's testimony tended to show that the ditch had remained unguarded for such a length of time that knowledge by the city might be reasonably inferred. [Huff v. City of Marshall, 97 Mo. App. 542.]

Instruction No. 2 leaves out of consideration altogether knowledge by the city of the unguarded con-

dition of the ditch prior to the accident. The plaintiff, however, contends that if the two instructions are read together the latter was not misleading. This theory would be correct if the defendant had not introduced evidence tending to show that the ditch had been guarded by a barrier until within at least a few days before the accident. The fault of the instruction was that it entirely ignored defendant's evidence as to that matter and the jury were thereby authorized to return a verdict for plaintiff notwithstanding they may have believed that the city had had no knowledge of the dangerous condition of the locality a sufficient length of time by the exercise of ordinary diligence to have rendered it safe before plaintiff's injury. It is true defendant's fourth instruction puts the matter properly before the jury, but the two are inconsistent and contradictory and left the jury but one alternative, to reject one or the other in making up their verdict. The least that can be said is that the instructions in the very nature of things tended to breed confusion in the minds of the jury.

Plaintiff's instruction No. 3 on the measure of damages is criticized because it assumed that plaintiff had lost time from his work as a result of the accident. The criticism is just in that respect and for that reason is to be condemned. [Plummer v. Milan, 70 Mo. App. 599; Evans v. Joplin, 76 Mo. App. 21.]

And plaintiff's fourth instruction is justly subject to criticism as it assumes that defendant was negligent.

For the errors noted the cause is reversed and remanded. All concur.