# KATE SUTTER, Respondent, v. KANSAS CITY, Appellant.

## Kansas City Court of Appeals, May 31, 1909.

1. **MUNICIPAL CORPORATIONS: Street Obstructions: Res Adjudicata: Primary Liability.** A street railway company improving its track piled brick in the parking near the sidewalk. Children at play scattered some brick up and down the sidewalk. Plaintiff stumbles on a brick and was injured. She then sued the railway company and was cast in her suit. She then sued the city, which pleaded the judgment in favor of the railway company in bar. *Held*, (1) Where a liability is primarily charged against one party, and such party defeats an action on the liability, there is no action over against the party secondarily liable. (2) But such principle does not apply to the facts of this case, where the liability of the city was independent of the liability of the railway company, and the discharge of one did not discharge the other. (3) The city's duty was to maintain its streets in proper condition to be traveled with reasonable safety, and this, too, whether the railway company was negligent or not in its duty.

2. ———: ———: **Notice: Continuing Act: Instruction.** The evidence tended to show that the practice of the children to scatter brick along the sidewalk, continued for sometime, and that they were from time to time removed from the sidewalk, and placed in the pile, and that they were scattered by the children about an hour before the accident complained of. *Held*, the city had notice of the continuing acts of the children in scattering the bricks upon the pavement; and an instruction set out in the opinion was properly refused.

3. ———: **Street Obstructions: Degree of Care: Instruction.** An instruction set out in the opinion is condemned for using the expression, the bricks were piled so as to be "liable to fall upon or be thrown down upon said sidewalk," since it makes a matter which was possible, negligence on the part of defendant, thereby requiring it to exercise the highest degree of possible care.

4. ———: ———: ———: ———: **Pleading.** Nor was the defect in the instruction cured by the answer, which was a general denial and contributory negligence, since such answer is not a plea of confession and avoidance, and defendant's negligence was still an issue in the pleadings.

5. EVIDENCE: Personal Injury: Medical Expert: Conclusion. A medical expert should not state conclusion, but give his opinion on the facts in the case.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

REVERSED AND REMANDED.

*Edwin C. Meservey,* City Counselor, and *Chas. H. Thompson,* Assistant City Counselor, for appellant.

(1)    The court erred in excluding the record of the former action against the Metropolitan Street Railway Company.  (a)    A claimant in an action for damages for personal injuries first defeated by the party responsible over or primarily liable, cannot in another action recover from the party in privity or secondarily liable. McGinnis v. Railroad Company, 200 Mo. 347; Delaplain v. Kansas City, 109 Mo. App. 107; Anderson v. Fleming, 160 Ind. 597, 67 N. E. 443; Hill v. Bain, 15 R. I. 75, 23 Atl. 44; Featherston v. Turnpike Co., 71 Hun. 109, 24 N. Y. S. 603; Doremus v. Root, 23 Wash. 710, 54 L. R. A. 649, 63 Pac. 572; State v. Coste, 36 Mo. 436; Indiana v. Glass Co., 75 N. E. 649;  Portland Co. v. Stratton's Independence, 158 Fed. 63, 16 L. R. A. (N. S.) 677; Emery v. Fowler, 39 Me. 326; Hays v. Telephone Co., 218 Ill. 414, 75 N. E. 1003; Mining Co. v. Same, 7 Fed. 401; Railroad v. Jopes, 142 U. S. 18; Van Fleet's Former Adjudication, p. 1157.  (b)    Whenever a wrong doer or a party having an agreement to indemnify the city, renders a street unsafe for travel, causing injury, the relation analogous to principal and surety, master and servant, and principal and agent arises, and in case of a judgment against the city by the injured party, the city has a right to recover against the wrong doer or indemnitor.   St. Joseph v. Railroad, 116 Mo. 636; Independence v. Railroad, 86 Mo. App. 588; Robbins v. Chicago, 4 Wall. 675; Strong v. Insurance Co., 62 Mo. 289; Kan-

sas City v. Mitchener, 85 Mo. App. 36; Boston v. Worth-
ington, 10 Gray 496, 23 Cyc. 1270. .(2) The court
erred in giving plaintiff's instruction No. 1. Coffey v.
Carthage, 186 Mo. 573; Ely v. St. Louis, 181 Mo. 724;
Ruppenthal v. St. Louis, 190 Mo. 216; Delaplain v.
Kansas City, 109 Mo. App. 107. (3) The court erred
in giving plaintiff's instruction No. 2, for the following
reasons. Root v. Railroad, 195 Mo. 348; Beasley v.
Transfer, 148 Mo. 413; Williams v. Railroad, 119 N. C.
746, 26 S. E. 32; Home Insurance Co. v. Railroad, 178
Ill. 64, 52 N. E. 862; Hesselbach v. St. Louis, 179 Mo.
505; Christian v. Meyerhoffer, 116 Mo. App. 46; Puechell
v. Iron Works, 79 Mo. App. 459. (4) Defendant's in-
struction No. 5 in regard to notice to the city should
have been given. It presented the correct rule of law
applicable to the facts made by the testimony. Hessel-
bach v. St. Louis, 179 Mo. 505; Ball v. Independence, 41
Mo. App. 475; Parker v. Cohoes, 10 Hun. 531; Warsaw
v. Dunlap, 112 Ind. 576. (5) The court erred in per-
mitting Dr. Riegle, over the objection of defendant, to
invade the province of the jury in answering a hypo-
thetical question, which was for the jury and not for the
witness to pass upon. Baehr v. Casualty Co. (Mo.
App.), 113 S. W. 689; Taylor v. Railroad, 185 Mo. 239;
Glasgow v. Railroad, 191 Mo. 661.

*E. A. Scholer & T. J. Madden* for respondent.

(1) Appellant sought to introduce in evidence the
record of the judgment of the former trial because of a
contract that existed between it and the street railway
company. The relations of the railway company and ap-
pellant were and are foreign to this controversy. 15
Am. and Eng. E. of L. (2 Ed.), 431; Welsh v. St. Louis,
73 Mo. 734; Russell v. Columbia, 74 Mo. 480; Norton v.
St. Louis, 97 Mo. 537, 23 Cyc., pp. 1206-7. The estoppel
may be urged only by parties or privies; it is not avail-
able to a stranger. 2 Current Law 67. Goodnow v.
Litchfield, 63 Ia. 275, 19 N. W. 229; Bridges v. Mc-

Alister, 106 Ky. 791, 51 S. W. 606; Biddle v. Burnham, 91 Me. 578, 40 Atl. 670; Whitcomb v. Hardy, 68 Minn. 265, 71 N. W. 264; Nowack v. Knight, 44 Minn. 241, 46 N. W. 348; Sickler v. Mannix (Neb.), 93 N. W. 1018; Densmore v. Tomer, 14 Neb. 392, 15 N. W. 734; Gwyan v. Hamilton, 29 Ala. 233; Bradley v. Johnson, 49 Ga. 412; Groshm v. Thomas, 20 Md. 234; Parker v. Moore, 59 N. H. 454; Appeal of Chandler, 100 Pa. 262; 1 Freeman on Judgments, sec. 159; Bell v. Hoagland, 15 Mo. 364; Insurance v. Cravens, 69 Mo. 77; McDonald v. Mahrey, 82 Mo. 363; Dagge v. Stumpe, 73 Mo. 513; Quigley v. Bank, 80 Mo. 296; Western & Atl. Railroad v. Atlanta, 74 Ga. 774; St. Joseph v. Railroad, 116 Mo. 636; Schaefer v. Fond du Lac, 99 Wis. 333; Heam v. Railroad, 67 N. H. 320, 29 Atl. 970; Berkson v. Railroad, 144 Mo. 217. (2) Plaintiff's instruction No. 1 was erroneous. (3) The giving of plaintiff's instruction No. 2, was error. Nephler v. Woodward, 200 Mo. 179; Allen v. Transit Co., 183 Mo. 411. (4) Defendant's instruction No. 5, in regard to notice should have been given.

BROADDUS, P. J.—This suit is to recover damages for injuries sustained by plaintiff as the alleged result of the defendant's negligence.

Prior to August 29, 1903, the Metropolitan Street Railway Co. in laying its tracks on Charlotte Street, in Kansas City took up the bricks in the pavement and piled them in the parking between the curbing and the sidewalk. Children while playing from time to time took some of these bricks from the piles and scattered them on the sidewalk. The plaintiff while passing over the sidewalk at about 8 o'clock p. m. of the said date struck her foot against some of the bricks that had been scattered on the sidewalk, fell and was injured.

The plaintiff had, prior to the institution of this suit, brought an action against the said railway company to recover for the injuries herein complained of. The allegations of the petition in that case and in this are

similar. The railway company prevailed in said former suit and the defendant sets up said judgment as a bar to plaintiff's right to recover in this one.

It showed in support of this defense that the railway had by contract with the city agreed to indemnify the city and save it harmless from any damages, loss, cost or expense caused or occasioned by said street railway company in constructing, reconstructing, repairing or operating of said railways, or in paving, repaving or repairing the streets of the city.

The defendant offered in evidence the record of the former suit against the railway company which the court rejected and tried the case upon the allegation of the petition that the city had failed to exercise reasonable care to keep its street and sidewalk, including the space between the sidewalk and curb, in a reasonably safe condition for public travel by night as well as by day.

The defendant contends that the court committed error in excluding evidence of the record and judgment in the case of the plaintiff against said railway company. Its position is that a claimant in an action for damages for personal injuries, first defeated by the party responsible over or primarily liable, cannot in another action recover from the party in privity or secondarily liable. To sustain this position, defendant has called our attention to the following and other decisions: In McGinnis v. Railroad, 200 Mo. 347, it is held, where a servant is charged with a tort and he and the master are joined as defendants, and the petition imputes the negligence of the servant to the master, the master is discharged if the servant is found not guilty. In Delaplain v. Kansas City, 109 Mo. App. 107, is a case where the city employed its codefendant Welsh to construct a sewer; the suit was against both to recover damages sustained by the plaintiff who fell into a trench in the street, which it was alleged was left unguarded. The holding was that if the contractor was not liable the city was not liable. See also Hesselbach v. St. Louis, 179 Mo. 505. We make no

reference to other cases of like character as these two well illustrate the principle upon which they are based. The principle is that, where the party charged primarily with the wrong is found not to be guilty, the codefendant whose liability is dependent upon the guilt of the first party is also discharged. In reason, no other rule could obtain.

But the rule is not applicable under the facts of this case. The act of negligence charged did not in the first place rest upon the railway company. The company had the right to pile the bricks at the place designated to remain there a reasonable length of time for it to complete the work on its track and to replace them in the street. The bricks were taken from the pile, not by the connivance or consent of the company but by third parties, the children of the neighborhood. It was the duty of the railway company to prevent, as far as possible, these bricks from being scattered on the sidewalk so as not to impede travel. While this duty rested upon the company, a similar duty was imposed by law on the city to use every reasonable precaution to keep the sidewalk in a suitable condition for the use of the public. The duty of the city was not secondary, but primary and independent of that of the company. The liability of one was independent of the other and the discharge of one would not be a discharge of the other. "The question is not whether the city is responsible for the negligence of the railway company, but whether it is responsible for its own negligence in failing to discharge that duty which it owes to its citizens and to the public of maintaining its streets in a proper condition so that they may be reasonably safe for travel." [Welsh v. City of St. Louis, 73 Mo. 71; Russell v. Inhabitants of the City of Columbia, 74 Mo. 480; Norton v. City of St. Louis, 97 Mo. 537.]

The defendant asked the court to instruct the jury as follows: "The court instructs the jury that, if you find from the evidence that the Metropolitan Street Railway Company, had before August 9, 1903, piled up brick

and stones on the east side of Charlotte street, between Eighteeenth and Ninteenth Streets in Kansas City, along the sidewalk, and that sometime in the afternoon or evening of August 9, 1903, some children had taken bricks or stones out of such piles and scattered the same over the sidewalk, without defendant knowing this, or by the exercise of ordinary care being able to know it, and that plaintiff later in the evening of August 9, 1903, fell over such bricks or stones so scattered, if you find they were scattered, and sustained the injuries she complains of, then defendant was not negligent and your verdict must be for the defendant."

Referring to the testimony, we find that a witness, named Warner, testified that while the work on the street by the railway company was in progress children took bricks from the piles and in their play scattered them along the sidewalk and left them, but that they were removed from the sidewalk from time to time and placed back in the pile. A witness by the name of Nast testified that bricks, about one hour before plaintiff met with her injuries, were scattered upon the sidewalk by children at play at or near the point where plaintiff tripped and fell.

A question much like this in principle was before the Supreme Court in Drake v. Kansas City, 190 Mo. 370. It is there said (1. c. 389) that "The general rule of law is that, when a third person causes a dangerous condition to exist in a highway, the city is not liable for injuries resulting therefrom, unless the condition existed for such a length of time as to impute notice to the city, or unless the city had actual knowledge thereof." The dangerous condition in the sidewalk was a coal hole with a defective lid. One witness testified that she raised the cover and propped it up on the morning of the accident and that she had done the same thing every day for six weeks or two months previous to the accident. The court held that the city under such circumstances was chargeable with notice of such continuing act of the third

person in raising and propping up the cover over the coal hole and by the exercise of ordinary care could have avoided the accident. And so in this case the city must be held to have notice of the continuing acts of the children in scattering bricks upon the pavement as stated.

Instruction No. 2, given for the plaintiff, is also criticised. It reads as follows: "If you find from the evidence that on or about the night of August 9, 1903, the plaintiff was walking on the sidewalk on the east side of Charlotte street between Eighteenth and Nineteenth streets, about the middle of the block in said defendant city and that she was tripped and thrown down upon a pile of brick and injured· and that before said date said brick, stone or building or paving material was placed, piled or thrown upon, along or near said sidewalk so that it was liable to fall upon or be thrown down upon said sidewalk and obstruct the same and trip and injure any person walking along and upon said sidewalk and that said sidewalk was thereby rendered unsafe and dangerous and that said material was permitted to remain in said condition for several weeks prior to said date and for an unreasonable length of time, and that said street and sidewalk were thereby rendered unsafe and dangerous and that it was negligence on the part of the defendant to permit such conditions to exist (if you find they did exist) and that said defendant through its officers knew or by the exercise of ordinary care should have known that said conditions existed (if they did) in time so that by the exercise of ordinary care it could have remedied said conditions or caused the same to be done before said date and if you further find that at said time plaintiff acted as a reasonably prudent person would have acted under the same or similar circumstances then your verdict will be for the plaintiff."

A cause was reversed because of a similar instruction in Root v. Railroad, 195 Mo. 348. The word *liable* was held to mean possible, which had the effect of imposing upon defendant the highest degree of possible

care. And so the words here used, "liable to fall upon or be thrown down upon said sidewalk," would make that which was possible, negligence in the defendant.

But plaintiff endeavors to avoid the force of the objection on the theory that under the answer of defendant its negligence was confessed; therefore, the instruction was harmless. The answer being a general denial and a plea of contributory negligence, it is insisted that it amounts to a plea of confession and avoidance. Something of this kind, was said, it is true, in Allen v. St. Louis Transit Co., 183 Mo. l. c. 424, but at the same time it was there also said that "Perhaps under the provisions of our code authorizing a party to plead alternatively, it would be proper for a defendant in his answer to deny the cause of action and yet say that because of certain other facts if plaintiff ever had a cause of action it had ceased, or that he would have had a cause of action but for the facts stated in the answer." The defendant's negligence being an issue in the pleadings, the instruction was misleading under the views expressed in Root v. Railroad Company, *supra*.

Instruction No. 1, given at the instance of plaintiff, was altogether unnecessary, but perhaps not misleading. As a general rule, mere abstract propositions of law should not be submitted to a jury.

There was error in permitting Dr. Riegle, as a medical expert, to testify that the condition of plaintiff's womb was the result of previous inflammation. It was competent for him to have given his opinion on that question, but not to state a conclusion. [Glasgow v. Railroad, 191 Mo. 347.] This question has been decided so often of late that we will not dwell upon it. Plaintiff's motion to dismiss the appeal is not well taken and is overruled.

Cause reversed and remanded. All concur.